IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) JOHN BYNUM,** | )<br>) |
| **Plaintiff,** | )<br>)  Case No. 21-cv-00420-CVE-SH |
| vs. | )<br>) |
| **(1) LVNV FUNDING, LLC, AND**<br>**(2) RESURGENT CAPITAL SERVICES, LP,** | )<br>)  **JURY TRIAL DEMANDED**<br>) |
| **Defendants.** | |

**COMPLAINT**

NOW COMES Plaintiff, John Bynum, and for his Complaint against Defendants, LVNV Funding, LLC, and Resurgent Capital Services, LP, alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against LVNV Funding, LLC and Resurgent Capital Services, LP, for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendants conduct business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Rogers County, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendants, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendants are each a debt collector as that term is defined by 15 U.S.C. 1692a(6),

and sought to collect a consumer debt from Plaintiff. Plaintiff is informed and believes, and thereon alleges, that Defendant LVNV Funding, LLC is a Delaware limited liability company that does or transacts business in the State of Oklahoma.

9. LVNV purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. https://lvnvfunding.com/, Accessed on 28 April, 2021.

10. LVNV's principal purpose is the collection of defaulted consumer debts.

11. At least 75 percent of LVNV's revenue comes from collection "indirectly" via numerous lawsuits (including those filed against consumers in Oklahoma), credit reporting and collection letters, on defaulted consumer debts originated by others.

12. LVNV holds a collection agency licenses in several states including Illinois and Louisiana.

13. LVNV uses interstate commerce and the mails to collect defaulted consumer debts the collection of which constitutes the principal purpose of its business, and LVNV is thus a "debt collector" as that term is defined in §1692a(6) of the FDCPA.

14. At the time of filing of Plaintiff's Complaint, LVNV's website read:

> You still owe your debt but the new owner is LVNV Funding. LVNV Funding outsources the management of its portfolio of accounts to a company called Resurgent Capital Services. Resurgent Capital Services is a fully licensed third-party debt collector specializing in the management of these types of consumer assets. Resurgent may contact you directly or may ask one of their collection agency partners to help them reach out to you.
>
> https://lvnvfunding.com/, Accessed on 28 April, 2021.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, Resurgent, is a collections business incorporated in South Carolina.

16. Resurgent Capital Services, LP ("Resurgent") is a servicer of defaulted consumer debts, which collects debts on behalf of purchasers of defaulted consumer debts, such as LVNV in this case, via the mailing of collection letters and telephone communications made to alleged debtors in connection with the collection of the alleged debts that they attempt to collect.

17. Resurgent is a South Carolina corporation that does or transacts business in Oklahoma.

18. Resurgent services and manages the defaulted consumer receivables that LVNV purchases.

19. The management of assets purchased by LVNV is outsourced to Resurgent, a third-party specializing in the management of these types of consumer assets. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, independent, specialized, licensed collection agencies. https://lvnvfunding.com/, Accessed on 27 April, 2021.

20. Resurgent holds numerous collection agency licenses, including Illinois and Louisiana. Oklahoma does not have a law requiring licensing of debt collectors.

21. Resurgent maintains a website, www.resurgent.com.

22. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. It manages accounts across the credit spectrum including performing accounts, sub- and non-performing accounts, secured accounts, and unsecured accounts. https://resurgent.com/, Accessed on 27 April, 2021.

23. Resurgent was hired to collect Plaintiff's alleged debt on behalf of LVNV.

24. Resurgent manages and services charged-off consumer debt portfolios for LVNV.

25. Resurgent is thus a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly collects defaulted consumer debts on behalf of LVNV.

26. Resurgent collects defaulted consumer debts on behalf of LVNV directly, or by outsourcing the recovery activities to other, independent, specialized, licensed collection agencies, such as TrueAccord.

27. Upon information and belief, Defendants, either directly or through their debt collectors like TrueAccord, use interstate mail, e-mail, and makes telephone calls to consumers attempting to collect on defaulted consumer debt.

28. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

29. Defendant LVNV Funding, LLC claims to have purchased a defaulted, consumer credit card account that Plaintiff previously owed to Synchrony Bank but was unable to maintain payments.

30. After allegedly being assigned this debt, Defendant LVNV engaged Resurgent to assist it with collection of Plaintiff's account.

31. In May, 2021, or possibly before, Defendants began contacting Plaintiff seeking and demanding payment for the debt.

32. On June 22, 2021, Plaintiff sent a letter to Defendants advising Defendants that he refused to pay the alleged debt pursuant to 15 U.S.C. §1692c(c).

33. Defendants received Plaintiff's correspondence on June 29, 2021.

34. Pursuant to 15 U.S.C. §1692c(c), after Defendants received Plaintiff's written notice, Defendants may not further communicate with Plaintiff regarding the debt, except only

for limited purposes, such as to advise Plaintiff that Defendants are ceasing communications or notifying Plaintiff that Defendants are invoking a certain remedy, like filing a lawsuit.

35. 15 U.S.C. 1692c(c) provides that a refusal notice from a consumer is "complete upon receipt."

36. Despite receiving Plaintiff's correspondence, Defendants, through their agent TrueAccord, sent additional collection communications to Plaintiff on the following dates: July 2, 2021, July 5, 2021, July 9, 2021 and July 12, 2021.

37. TrueAccord is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and was seeking to collect the debt from Plaintiff on behalf of Defendants.

38. Upon receiving Plaintiff's June 22, 2021 letter, Defendants had a duty pursuant to 15 U.S.C. §1692c(c) to stop all communications attempting to collect the debt Plaintiff. Defendants cannot act through their agent TrueAccord to do something that they could not do itself. *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. 2000) (holding that a debt collector should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf).

39. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

40. Defendants violated §1692c(c) of the FDCPA by continuing its attempts to collect a debt from Plaintiff after Plaintiff notified Defendants in writing that Plaintiff refused to

pay the alleged debt.

**WHEREFORE**, Plaintiff, John Bynum, respectfully prays that judgment be entered against Defendants, LVNV Funding, LLC, Resurgent Capital Services, LP, jointly and severally, for the following:

a)  Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)  Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c)  Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

and

d)  Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
CONSUMER PROTECTION FIRM
1202 E. 33rd St.
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
7569@paramount-law.net